**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

WILLIAM WAGNER,

Plaintiff,

-against-

F1 IT INC. and WILLIAM KOHL,

Defendants.

---------------------------------------------------------X

**CIV. ACTION NO.**

**COMPLAINT**

Plaintiff, WILLIAM WAGNER ("Plaintiff"), as and for his Complaint against Defendants, F1 IT INC. ("F1 IT") and WILLIAM KOHL ("Kohl") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate an information technology services company in Farmingdale, New York.

2. Plaintiff worked for Defendants as an installation technician.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime, minimum wages, and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is an adult male currently residing in the State of New York.

9. Kohl is an adult male, who, upon information and belief, is currently residing in the State of New York.

10. F1 IT is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

**Defendant F1 IT Inc.**

11. F1 IT maintains a principal place of business at 521 Conklin Street, Suite 200, Farmingdale, NY 11735.

12. At all times relevant to this Complaint, F1 IT had employees engaged in commerce or in the production of goods and services for commerce.

13. At all times relevant to this Complaint, F1 IT had employees who handled, sold, or otherwise worked on goods or materials that have been moved in or were produced for interstate commerce.

14. At all times relevant to this Complaint, F1 IT had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. During Plaintiff's employment, F1 IT maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, F1 IT was a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiff.

**Defendant William Kohl**

17. At all times relevant to this Complaint, Kohl ran the daily operations of F1 IT, and participated in the management and supervision of Plaintiff and his work for F1 IT.

18. At all times relevant to this Complaint, Kohl was an owner, officer, manager, and/or principal of F1 IT and was actively involved in the operation and management of the business. Kohl was regularly present at F1 IT's workplace, directed the work of employees, communicated with employees regarding work assignments and scheduling, and exercised authority over significant aspects of the company's day-to-day operations.

19. At all times relevant to this Complaint, Kohl possessed and exercised the authority to hire and terminate employees, set employee work schedules, assign job duties, approve or modify employees' hours of work, and determine the method and rate of employee compensation. Kohl also supervised employees, was responsible for payroll and personnel matters, had access to employee payroll and time records, and exercised control over F1 IT's compensation policies and practices, including those applied to Plaintiff.

20. During Plaintiff's employment, Kohl directly controlled the terms and conditions of Plaintiff's employment. Among other things, Kohl had the authority to determine Plaintiff's schedule, compensation, and continued employment, and was responsible for implementing and overseeing the pay practices challenged in this action. In particular, Kohl:

a. Hired Plaintiff;

b. Determined and supervised Plaintiff's job duties;

c. Determined Plaintiff's pay rates, the method by which he was paid, and the frequency in which he was paid;

d. Determined Plaintiff's work schedule and the number of hours he worked each week; and

e. Made the decisions that form the basis of the wage and hour violations complained of herein.

21. At all times relevant to this Complaint, Kohl was an employer within the meaning of the FLSA and the NYLL and employed Plaintiff.

**<u>Defendants Constitute Joint Employers</u>**

22. Kohl owns, operates, and/or controls F1 IT.

23. Kohl possesses operational control over F1 IT, possesses an ownership interest in F1 IT, and controls significant functions of F1 IT.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

26. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

27. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff William Wagner**

28. At all times relevant to this Complaint, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

29. Defendants employed Plaintiff as an installation technician for their benefit and at their direction.

30. Plaintiff's job duties included, among other things, installing cables, server racks, cameras, and door controls.

31. Defendants employed Plaintiff from in or about January 2024 until on or about July 23, 2026.

32. Based on his personal recollection, Plaintiff estimates that his weekly hours throughout his employment were as follows: Monday through Friday from about 8:00 a.m. until about 5:00 p.m., with a one-hour meal break per shift. Additionally, three (3) days per week, Plaintiff would work until about 7:00 p.m., and sometimes later, for a total of approximately forty-six (46) hours a week.

33. In 2024, Defendants paid Plaintiff $19.23 per hour.

34. In 2025, Defendants paid Plaintiff $21.63 per hour.

35. In 2026, Defendants paid Plaintiff $25.00 per hour.

36. Throughout his employment, Defendants paid Plaintiff straight-time for all hours worked.

37. Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at the additional half-time rate.

38. Defendants did not provide Plaintiff with a complete and accurate wage notice at hiring, or at any time thereafter, as required by NYLL § 195(1).

39. Defendants did not provide Plaintiff with complete and accurate paystubs, as required by NYLL § 195(3).

40. Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, he was kept in the dark about how much he should have legally been paid.

41. Had Plaintiff received legally compliant wage notices and paystubs, they would have indicated that he was entitled to time and a half his regular rate for all overtime hours.

42. Plaintiff would have compared those amounts to the amounts he actually received, and he would have been able to question and confront his employer as to why he was receiving less than he was legally entitled.

43. Because Plaintiff was not provided complete and accurate wage notices and paystubs, Defendants were able to conceal these wage violations.

44. Had Defendants provided Plaintiff with such wage notices and paystubs, he would have advocated for himself, consulted an attorney, and brought this lawsuit much earlier to enforce his rights under state and federal law.

45. However, because Defendants did not provide Plaintiff with wage notices and paystubs, he could not rectify the situation, which directly resulted in his continued underpayment of wages.

46. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

47. Upon information and belief, Defendants were aware of the federal and state wage and hour laws.

48. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

49. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

50. Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. Defendants are subject to the overtime pay requirements of the FLSA because F1 IT is an enterprise engaged in commerce or engaged in the production of goods for commerce.

54. At all times relevant to this Complaint, F1 IT had two (2) or more employees who handled goods or materials that have moved in interstate commerce, including Plaintiff.

55. Upon information and belief, the gross annual volume of sales made or business done by F1 IT in each applicable year was not less than $500,000.00.

56. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

57. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

59. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

60. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

61. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

62. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

63. Defendants did not act in good faith with respect to the conduct alleged herein.

64. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

68. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

69. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

70. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

71. Defendants have not acted in good faith with respect to the conduct alleged herein.

72. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants willfully failed to furnish Plaintiff with wage notices upon hiring, as required by NYLL § 195(1), in English or in the language identified as Plaintiff's primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

75. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. Defendants willfully failed to provide Plaintiff with accurate written wage statements with each payment of wages, as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

79. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

80. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 24, 2026

The NHG Law Group, P.C.

Victoria Spagnolo

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road

Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com